# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| REPUBLIC TECHNOLOGIES (NA), LLC, and SREAM, INC., | ) ) ) | |
| *Plaintiffs*, | ) ) ) | No. 20 C 461 |
| v. | ) ) | |
| NUR TRADING, INC. D/B/A TOBACCO TIME, and ASIF SALIM, | ) ) ) | Judge Thomas M. Durkin |
| *Defendants.* | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Republic Technologies, LLC ("Republic") owns certain trademarks that are in turn licensed by plaintiff Sream, Inc. ("Sream"). Plaintiffs allege that defendants Tobacco Time and Asif Salim have engaged in trademark infringement, counterfeiting, and false designation of origin/unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, by offering for sale water pipes and related products bearing a branding similar to Republic's trademarks. Defendants moved to dismiss Plaintiffs' complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). R. 14. For the following reasons, that motion is denied.

## Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of

the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

Republic is the registered owner of the RooR trademark. R. ¶ 5. Sream has been the exclusive United States licensee authorized to use the RooR trademark since 2013. Sream is also the manufacturer of RooR glass water pipes and other smokers' articles. R. 1 ¶¶ 5-6, 13. According to Plaintiffs, RooR products are high quality; distinctive; "hand-blown by individual artists;" made from "glass that is nearly unbreakable; advertised in a "wide array of websites, magazines, and specialty shops;" and "immediately identifiable." *Id.* ¶¶ 18, 19. As such, genuine RooR-branded

2

products sell for approximately three times more than similar non-RooR branded products and are targeted by counterfeiters. *Id.* ¶¶ 21, 22.

At all relevant times, defendant Asif Salim owned, managed and/or operated defendant Tobacco Time, a retail store located in Plano, Illinois. In this capacity, Mr. Salim had authority to determine which products to purchase and resell at Tobacco Time. *Id.* ¶ 8. Among those products offered and sold are counterfeit RooR branded water pipes and related parts "made of inferior materials and inferior technology as compared to RooR brand products." *Id.* ¶¶ 7, 24, 26, 31. Photo examples of the allegedly infringing products and Tobacco Time's display are attached to Plaintiffs' complaint. *See id.*, Ex. E.

Plaintiffs bring the following Lanham Act claims against Defendants: (1) trademark counterfeiting and infringement under 15 U.S.C. § 1114 (Count I); (2) trademark counterfeiting under 15 U.S.C. § 1116(d) (Count II); and (3) false designation of origin and unfair competition under 15 U.S.C. § 1125(a) (Count III). Defendants move to dismiss the complaint in its entirety, arguing that: (1) the complaint fails to plausibly allege likelihood of confusion in support of each of Plaintiffs' claims; and (2) the complaint fails to allege an intent to use the RooR mark knowing it was counterfeit as required to support Plaintiffs' counterfeiting claim (Count II). The Court addresses these arguments in turn below.

3

## Analysis

### I.   Likelihood of Confusion

"[W]hether consumers are likely to be confused about the origin of a company's products is a question of fact" governed by seven factors: "(1) similarity between the marks in appearance and suggestion; (2) similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) whether actual confusion exists; and (7) whether the defendant intended to 'palm off' his product as that of the plaintiff." *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 677-78 (7th Cir. 2001).[1] "No single factor is dispositive;" instead, "courts may assign varying weights to each of the factors depending on the facts presented." *Id.* at 678. "In many cases, the similarity of the marks, the defendant's intent, and actual confusion" are "likely to be particularly important." *Id.* However, "there is no hard and fast requirement that all three of these factors must weigh in the plaintiff's favor in order to find that a likelihood of confusion exists." *Id.* at 686.

Because it is fact-intensive, the likelihood of confusion inquiry typically is "best left for decision after discovery." *Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752, 769 (N.D. Ill. 2008). As such, the Court's role at this stage is simply to assess whether Plaintiffs have plead facts that plausibly could result in a successful outcome on the

---

[1] Defendants' motion cites an eight-factor likelihood of confusion test and Sixth Circuit case law in support. Although similar, that test was not adopted by the Seventh Circuit, so the Court declines to address it here.

4

likelihood of confusion element of their claims. *Top Tobacco v. Fantasia Distrib., Inc.*, 101 F. Supp. 3d 783, 790 (N.D. Ill. 2005). As explained below, they have.

***Factor 1: Similarity of marks.*** This factor considers "whether the viewer of an accused mark would be likely to associate the product or service with which it is connected with the source of products or services with which an earlier mark is connected." *AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008). It is easily met here, as Defendants concede.[2] Indeed, Plaintiffs allege that Defendants offered for sale and did sell counterfeit water pipes bearing RooR marks and attach photographs of the marks and products that demonstrate obvious similarity. R. 1 ¶¶ 25, 30; *see also id.*, Exs. B and E; R. 14 at 13 ("the factor[ ] of . . . the degree of similarity between the marks weigh[s] in favor of Plaintiffs"). Accordingly, the Court turns to the second factor.

***Factor 2: Similarity of products.*** Courts assessing this factor consider "whether the products are the kind the public might very well attribute to a single source." *AutoZone*, 543 F.3d at 931. Plaintiffs allege that Sream manufactures, sells and advertises RooR-branded water pipes, and that Defendants offer water pipes for sale, some of which include the identical RooR mark. That is enough. *See KJ Korea, Inc. v. Health Korea, Inc.*, 66 F. Supp. 3d 1005, 1015-16 (N.D. Ill. 2014) (second factor satisfied where plaintiffs alleged "that both Plaintiffs and Defendants produce

---

[2] Despite this concession, Defendants also argue that Plaintiffs' allegations concern only the physical appearance of the two marks, and that is insufficient under this factor. But Defendants are wrong, because Plaintiffs also allege that their genuine products are sold in retail stores "specializing in smoker's products." R. 1 ¶ 20. In other words, stores exactly like Tobacco Time. *Id.* ¶¶ 32, 64.

5

nutritional supplements, massage apparatuses, and health food products in association with their respective marks"); *Lorillard Tobacco Co. v. J.J. Shell Food Market, Inc.*, 2005 WL 8177551, at *4 (N.D. Ill. Oct. 27, 2005) (second factor satisfied where "the counterfeit products are the exact same type of goods as Plaintiffs [sic]").

***Factor 3: Area and manner of use.*** The third factor considers "whether there is a relationship in use, promotion, distribution, or sales between the goods or services of the parties." *KJ Korea,* 66 F.Supp.3d at 1016 (quoting *Ty, Inc. v. Jones Group, Inc.,* 237 F.3d 891, 900 (7th Cir. 2001) (internal quotations omitted). The analysis includes an evaluation of "relative geographical distribution areas, evidence of direct competition between the products, whether products are sold to consumers in the same type of store or similar section of a particular store, and whether the product is sold through the same marketing channels." *Id.* at 1016 (quoting *Ty, Inc.,* 236 F.3d at 900). According to Plaintiffs, Sream's authorized distributors include retail stores that service tobacco customers and are located nationwide, including in Illinois. Further, Plaintiffs allege that Tobacco Time is a retail store that services tobacco customers in Illinois. R. ¶¶ 7, 20, 25, 32. Having alleged that the products are distributed in the same general area and are sold to consumers in the same type of store, this factor is also satisfied.

***Factor 4: Degree of consumer care.*** The fourth factor concerns the degree of care and discrimination consumers are likely to exercise in their purchases. Generally, a lesser degree of care "supports a finding that there is a likelihood of confusion." *Sorensen v. WD-40 Co.*, 792 F.3d 712, 730 (7th Cir. 2015). Plaintiffs do not

6

plead any facts regarding consumer care, so this factor weighs against finding that Plaintiffs have plausibly alleged a likelihood of confusion.

***Factor 5: Strength of mark.*** This factor "refers to the mark's distinctiveness," and is measured by "its propensity to identify the products or services sold as emanating from a particular source." *CAE, Inc.*, 267 F.3d at 684. In general, "[a] mark's strength ordinarily corresponds to its economic and marketing strength," *Sorensen*, 792 F.3d at 731, and the "stronger the mark, the more likely it is that encroachment on it will produce confusion," *Autozone, Inc.*, 543 F.3d at 933.

Here, the complaint alleges (among other things) that: Plaintiffs' RooR Marks are distinctive and incontestable to both the consuming public and those in the industry; the RooR brand's "unique style and functional superiority" has earned it "accolades in leading trading magazines and online publications and has made the RooR Marks synonymous with high quality products;" RooR-branded products have generated over $4 million in sales in the United States for the past three years and are "hand-blown by individual artists" from "nearly unbreakable" glass; and Sream has been "continuously using" RooR Marks in commerce "throughout the United States" since 2013. R. 1 ¶¶ 12, 14, 18, 21, 48, 62, 74. That is enough to support this factor, as Defendants concede. *See Republic Techs. (NA), LLC v. Rayyann Int'l*, 2021 WL 1143515, at *3 (N.D. Ill. Mar. 25, 2021) (holding similar allegations regarding the same mark satisfied the strength of mark factor); *see also* R. 14 at 13 ("the factor[ ] of the strength of Plaintiffs' marks . . . weigh[s] in favor of Plaintiffs").

7

***Factor 6: Actual confusion.*** Plaintiffs admit that they have not plead facts to allege actual confusion. But although as noted this factor can be important to the likelihood of confusion analysis, "evidence of actual confusion . . . is not required to prove that a likelihood of confusion exists." *CAE, Inc.*, 267 F.3d at 685. Accordingly, this factor favors dismissal, but is not determinative.

***Factor 7: Intent.*** As to the last factor, Plaintiffs allege that Defendants intentionally adopted the Plaintiffs' RooR marks to trade on the goodwill associated with them. R. 1 ¶¶ 34, 35, 53, 66, 79. Defendants contend that these allegations are too conclusory to pass muster.[3] The Court agrees and finds that this factor is neutral. *See Top Tobacco*, 101 F. Supp. 3d at 791 (plaintiff's conclusory allegations did "not weigh particularly heavily in favor of or against likelihood of confusion").

\*   \*   \*   \*   \*

Plaintiffs have alleged sufficient facts to support factors 1, 2, 3 and 5, and of the remaining three factors, one is neutral. The Court thus declines to dismiss the complaint for failure to allege a likelihood of confusion. *See Republic Techs. (NA), LLC v. Friends Trading Inc.*, 2020 WL 5905218, at \*7 (N.D. Ill. Oct. 6, 2020) (plaintiffs "raised the possibility of likelihood of confusion 'above a speculative level'" by alleging sufficient facts as to factors 1, 2, 3 and 5); *see also Top Tobacco*, 101 F. Supp. 3d at

---

[3] Defendants also contend that they did not know that the products at issue were counterfeit and that they removed them from Tobacco Time's shelves immediately when that fact was discovered, and after having only sold "a few products." R. 14 at 15. But that issue is properly the subject of discovery, not a basis for dismissal.

8

792 (same); *Mon Aimee Chocolat*, 2015 WL 6407758, at *5-6 (N.D. Ill. Oct. 22, 2015) (same).

## II. Intentional Use of a Mark Knowing Product Was Counterfeit

Defendants separately contend that dismissal of Plaintiffs' counterfeiting claim is proper because Plaintiffs have not alleged facts indicating that Defendants sold counterfeit products knowing they were counterfeit. Defendants cite a case from the Eastern District of Tennessee to support the existence of such a requirement. *See* R. 14 at 14-15 (citing *Ford Motor Co. v. Heritage Mgmt. Group, Inc.*, 911 F. Supp. 2d 616, 621 (E.D. Tenn. 2012) (a plaintiff who alleges counterfeiting "must also show that the defendant intentionally used the mark knowing it was counterfeit, as the term counterfeit is defined in 15 U.S.C. § 1116")). But nothing in the statute suggests that knowledge or intent is an element of a counterfeiting claim, and the Seventh Circuit has expressly stated that "[s]ellers bear *strict liability* for violations of the Lanham Act." *Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1152 n.6 (7th Cir. 1992) (emphasis added). Instead, "intent and knowledge requirements are relevant in determining how to *remedy* a counterfeiting violation;" they have "nothing to do with what is necessary to establish a counterfeiting violation in the first place." *Friends Trading, Inc.*, 2020 WL 5905218, at *7 (emphasis added); *see also id.* ("a plaintiff is entitled to recover statutory damages even for 'innocent' counterfeiting"); *Lorillard Tobacco Co.*, 2005 WL 8177551, at *3 n.2 (N.D. Ill. Oct. 27, 2005) (§ 1114(1)(a) "makes no mention of intention"). Defendants' motion is denied.

9

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss, R. 14, is denied. A status hearing is set for April 21, 2021 at 9:00 a.m. The parties are directed to file a proposed discovery schedule with the Court by April 19, 2021.

ENTERED:

*Thomas M Durkin*
_____

Honorable Thomas M. Durkin
United States District Judge

Dated: April 7, 2021